IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAVID E. WILLIAMS                                                                                   PLAINTIFF

      v.                              Civil No. 06-4037

MILLER COUNTY CIRCUIT COURT;
KIRK JOHNSON and JIM GUNTER,
Prosecuting Attorneys, Miller County, Arkansas                                  DEFENDANTS

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

David E. Williams filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 24, 2006, in the Eastern District of Arkansas. The case was then transferred to this court and the file received on May 4, 2006.

He proceeds pro se and *in forma pauperis* (IFP). The case is before the undersigned for a determination of whether it should be served upon the defendants.

### **I. Background**

Williams is currently an inmate in the Arkansas Department of Correction (ADC). According to the allegations of the complaint, he was arrested on July 8, 1979, by Detective H.L. Phillips and taken to the Miller County Jail. Williams alleges no arrest warrant was issued until July 12, 1979, when he was charged with murder and attempted murder.

Williams alleges he and not taken before a judge for arraignment until September 7, 1979. Williams maintains prosecuting attorneys, Kirk Johnson and Jim Gunter, did nothing to ensure that he was brought before a judge for a prompt probable cause determination. Williams maintains his detention violated the Due Process Clause of the United States Constitution.

-1-

He names as defendants the Miller County Circuit Court and prosecuting attorneys, Kirk Johnson and Jim Gunter. As relief, Williams seeks compensatory damages in the amount of 3.7 million dollars. He also asks for an award of punitive damages.

## II. Discussion

This case is subject to dismissal. First, Williams' claims against the Miller County Circuit Court are subject to dismissal. "[S]tate courts as entities are not vulnerable to a § 1983 suit because they are protected by immunity under the eleventh amendment." *Mildfelt v. Circuit Court of Jackson County, Mo.*, 827 F.2d 343, 345 (8th Cir. 1987). Moreover, it has been held that state courts are not "persons" subject to suit under § 1983. *See e.g., Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Zuckerman v. Appellate Div.*, 421 F.2d 625, 626 (2nd Cir. 1970); *Kinney v. City of Cleveland*, 144 F. Supp. 2d 908 (N.D. Ohio 2001). Additionally, a state court and its members are immune from a suit for damages for judicial acts performed in their judicial capacities. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991).

Second, Williams' claims against Kirk Johnson and Jim Gunter are subject to dismissal. In *Webster v. Gibson*, 913 F.2d 510 (8th Cir. 1990), Anthony Webster contended his constitutional rights were violated when he was arrested and held for a period of forty-five days before receiving a judicial determination of probable cause under *Gerstein v. Pugh*, 420 U.S. 103, 126, 95 S. Ct. 854, 869, 43 L. Ed. 2d 54 (1975). Webster sued the prosecutor, the sheriff, and a deputy sheriff.

The district court dismissed the entire action. On appeal the Eighth Circuit affirmed the dismissal as to the prosecuting attorney and the deputy sheriff who was the arresting officer. *Webster*, 913 F.2d at 512. The prosecuting attorney was held to be absolutely immune from a

claim for damages. *Id.* at 513-14. In this case, based on Williams' allegations it is clear the defendant prosecuting attorneys are entitled to absolute immunity. *See also Brodnicki v. Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

Third, Williams claims are based on activities that occurred in July through September of 1979 and are barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases).

Plaintiff's' civil rights causes of action accrued when he knew or had reason to know of harm constituting the basis of the action. *Nasim v. Warden, Maryland House of Corrections*, 64 F.3d 951, 955 (4th Cir. 1995). In July of 1979, Williams has alleged he was not brought promptly before a judicial officer. This case was not filed until April 14, 2006. This action was therefore filed well after the expiration of the applicable limitation period.

### III. Conclusion

I therefore recommend that this case be dismissed as the claims are asserted against defendants who are immune from suit and the claims are barred by the applicable statute of limitations. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Williams has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Williams is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of May 2006.

                                                /s/ Bobby E. Shepherd
                                                UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)